IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DELACRUZ, | ) |
| Plaintiff(s), | ) No. C 06-7348 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| ARNOLD SCHWARZENEGGER, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that prison officials refuse to provide him with an MRI for a back and neck injury he sustained prior to incarceration. Plaintiff specifically alleges that prison medical staff refuse to abide by his private physician's recommendation that he receive an MRI.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). Indications that a prisoner has a "serious" need for medical treatment includes the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic and substantial pain. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994) (equating standard to that of criminal recklessness). Consequently, proving

1  negligence is not enough to establish liability under the Eighth Amendment.  Id.
2  at 835-36 & n. 4.  An "official's failure to alleviate a significant risk that he
3  should have perceived but did not, cannot under our cases be condemned as the
4  infliction of punishment."  Id. at 838.  Instead, "the official's conduct must have
5  been 'wanton,' which turns not upon its effect on the prison, but rather, upon the
6  constraints facing the official."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
7  1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).  Prison officials
8  violate their constitutional obligation only by "intentionally denying or delaying
9  access to medical care."  Estelle, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over the another is generally insufficient to establish deliberate indifference.  Toguchi v. Chung, 391 F.3d 1051, 1058, 159-160 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In order to prevail on a claim involving choices between alternative courses of treatment, a prisoner-plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health.  Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The attachments to plaintiff's complaint show that in a letter dated August 16, 2005, plaintiff's pre-incarceration chiropractor, Jose L. Reynoso, wrote:

> Based on examination findings of January 6th, 2004, this patient, suffering from neck and back injuries, will require the following: a bed mattress enforced with thicker padding, a neck/cervical pillow for added neck support, and more comfortable shoes.  In addition, a lumbar MRI study is recommended.

3

On December 18, 2005, plaintiff filed an appeal demanding that prison officials provide him a "lower bunk chrono" and the MRI recommended by his chiropractor. He noted that Dr. Aung had examined him on November 18, 2005 and wrongfully denied him an MRI. On December 21, 2005, three days after he filed the appeal, Dr. Dayalan examined plaintiff and issued him a "low bunk chrono" and medications. Dayalan did not refer plaintiff for an MRI or to see a specialist on the ground that "it is not medically necessary." On February 3, 2006, Dr. Aung again saw plaintiff and concurred with Dayalan that an MRI or referral to a specialist is not medically necessary.

Plaintiff's dissatisfaction with the prison doctors' medical judgment is not enough to establish a claim for deliberate indifference under § 1983. See Franklin, 662 F.2d at 1344. That plaintiff's chiropractor recommended an MRI nearly two years before the prison doctors examined plaintiff and determined that an MRI is not medically necessary does not compel a different result. See Toguchi, 391 F.3d at 1058-60.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED: Feb 26, 2007

CHARLES R. BREYER
United States District Judge

4